IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN PEREZ | § | |
|     TDCJ-CID #1514617 | § | |
| | § | |
| v. | § | C.A. NO. C-10-297 |
| | § | |
| RICK THALER. | § | |

**ORDER ADOPTING THE MEMORANDUM AND RECOMMENDATION
TO GRANT SUMMARY JUDGMENT, DISMISS THE PETITION,
AND DENY A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge filed the Memorandum and Recommendation on February 17, 2011, recommending Respondent's motion for summary judgment be granted and the habeas petition be dismissed. D.E. 39. Pending before the Court are the objections by the parties to the Memorandum and Recommendation (M&R). D.E. 43, 45, 46, and 47. Except as corrected below, the Court adopts the M&R, grants summary judgment in favor of Rick Thaler, and dismisses the petition with prejudice.

### I.  FACTUAL BACKGROUND

Petitioner Steven Perez is currently incarcerated in the Texas Department of Criminal Justice resulting from his 2008 convictions in separate proceedings for murder and for felon in possession of a firearm. He was previously convicted of drug trafficking in federal court in 2003. At the time of his convictions in state court, Perez was still on federal supervised release. His supervised release has since been revoked.

Perez seeks relief from his state court murder conviction. The factual background is described in greater detail in the M&R and will not be repeated.

### II.  PROCEDURAL BACKGROUND

Perez filed a timely federal habeas petition in September 2010, after the conclusion of his state direct appeal and state habeas. D.E. 1. Respondent Thaler filed a motion for summary judgment (D.E. 30) and Petitioner Perez responded. D.E. 33. The United States Magistrate Judge issued his M&R on February 17, 2011. D.E. 39. Objections were to be filed by within 14 days. Id. Perez filed a motion for an extension of time to file objections (D.E. 40), which was granted. D.E. 42. Respondent filed his objections on March 3, 2011. D.E. 43. Petitioner Perez filed four documents comprising his objections. D.E. 44, 45, 46, and 47. Perez' objections, like his pleadings, are voluminous, unfocused and include reargument rather than merely objections.

### III.  ANALYSIS

#### A.  Thaler's Objections

Thaler objects on three grounds. First, Thaler objects that the M&R's criticism that Thaler cited only to the trial court's factual findings and not to the Court of Criminal Appeals, was unfounded because the Court of Criminal Appeals adopted the trial court's findings and did not make any other findings such that citation to the trial court's findings and conclusions was the same as citation to the Court of Criminal Appeals' findings and conclusions. Thaler's objection is SUSTAINED.

Thaler's second objection is to the recommendation that claim 11 was not exhausted and procedurally defaulted. D.E. 43 at 2. Finally, the Director claims that the Texas Court of Criminal Appeals found Perez' claims 3, 4, 7, and 8 were procedurally defaulted and there was no need for the M&R to address those claims on the merits. Id.

1. *Exhaustion claim* 11

The M&R recommends that the state court record is sufficiently ambiguous as to preclude summary judgment on exhaustion or procedural grounds. D.E. 39 at 21. Claim 11 contends that the state court bootstrapped its jurisdiction over Perez to include jurisdiction over his federal conviction on drug charges. Claim 11 does not appear in either Perez' direct appeal or his state writ application. See Appellant's Brief and Reply Brief (D.E. 4-12 at 26-30, 4-13 at 1-22, 4-14 at 25-33), State Writ (D.E. 22 at 7-23). Claim 11 was not exhausted in state court.

"A federal habeas application brought by a person in custody pursuant to a state court judgement shall not be granted unless the applicant has exhausted the remedies available in state court." Elizalde v. Dretke, 362 F.3d 323, 328 (5th Cir. 2009); 28 U.S.C. § 2254(b)(1); Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). "A claim not raised in the petitioner's initial state habeas application that would now be procedurally barred from consideration by the state court is 'procedurally barred [in federal court] for failure to exhaust.'" Elizalde, 362 F.3d at 328. Perez has already filed his first writ application in Texas and will not be able to raise Ground 11 in a subsequent state court writ. Texas bars subsequent applications for writ of habeas corpus except in very particular circumstances and strictly enforces its abuse of writ provisions. See Tex. Code Crim. P. 11.07(4)(a);[1] see Fearnace v. Scott, 56 F.3d 633, 642 (5th Cir. 1995). Because claim 11 was not

---

[1] The exception permitting a subsequent state writ is as follows,

 (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Id.

raised in state Court, either on appeal or on habeas, it is not exhausted and is procedurally defaulted. Thaler's objection is SUSTAINED.

### 2. *Procedural default claim 3–ineffective assistance appellate counsel*

To decide the Director's claim of procedural default, the Court compares the claims advanced here with the claims advanced in state court. Then, this Court examines the state court's resolution of the claims to determine whether there are findings that this Court must presume to be correct.

| State writ Ground 4 | Federal writ Ground 3 |
| --- | --- |
| Ground 4: Ineffective assistance of counsel "because [counsel] failed to raise particular claims, and ignored issues that were clearly stronger than those presented." | Appellate counsel was ineffective on the ground he failed to raise definitional error in the jury charge and failed to argue that the law under which he was convicted was unconstitutional because it placed the burden of proof on Perez. |

In Perez' state writ, the trial court made a finding of fact that there was no evidence in the habeas record that the burden of proof was improperly shifted (in response to Perez' Ground 2, which was a direct challenge to the constitutionality of the statute) and issued a conclusion of law that Perez' claims of ineffective assistance of trial and appellate counsel should be denied because Perez failed to allege specific facts on the habeas form, and alternatively, because he had not demonstrated that trial or appellate counsel were ineffective. D.E. 22-1 at ¶¶ 6, 7. The Court of Criminal Appeals "denied without written order the application for writ of habeas corpus on the findings of the trial court without a hearing." D.E. 33-1 at 8.

4

Perez' failure to comply with required state procedures to present his claim constitutes procedural default. Castille v. Peoples, 489 U.S. 346, 351 (1989); Satterwhite v. Lynaugh, 886 F.2d 90, 93 (5th Cir. 1989); Riley v. Quaterman, 2008 WL 4327295 at *4 (S.D. Tex., Sept. 16, 2008) (designated unpublished). The State of Texas prescribes the form to be used by applicants for state habeas relief and requires that the legal and factual grounds be identified on the 11.07 form. Tex. R. App. P. 73.1.[2] The requirement that the claims be presented in the petition itself has been upheld by the Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004). The Baldwin court held "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim . . . ."). Texas courts enforce the requirement that an applicant specify the grounds for relief within the pages of the prescribed form. Ex parte Blacklock, 191 S.W.3d 718, (Tex. Crim. App. 2006) (dismissing noncompliant application).[3]

---

[2] In pertinent part, Rule 73.1 of the Texas Rules of Appellate Procedure provides,
(a) Prescribed Form. An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.
\*       \*       \*       \*
(c) Contents. The person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

Tex. R. App. P. 73.1(a), (c).

[3] "[W]e find that dismissal of applicant's writ application is appropriate. Although applicant has submitted his writ application on the required form, the form was not filled out as required by the appellate rules in that the sections of the form that require a list of the grounds for relief and the supporting facts were not completed. We are mindful of the provisions in Rule 73.1(c) that permit an applicant to include legal citations and arguments in a separate memorandum, and applicant's handwritten letter may indeed qualify as such a separate memorandum. However the rules do not permit such a memorandum to substitute for the required specification of grounds for relief and facts supporting those grounds. Because applicant did not complete the portions of the application form which require a list of the claimed grounds for relief and the supporting facts, we dismiss applicant's application for writ of habeas corpus as non-compliant." Id. (emphasis added).

Although the legal theory raised in state court, ineffective assistance of appellate counsel, is the same as the claim raised in federal court, the factual basis for Perez' federal claim is different. Exhaustion requires that a state court be presented with "the same claim, the same factual basis for the claims, and the same legal theory." Ex parte Wilder, 274 F.3d 255, 259-60 (5th Cir. 2001). Because the claims have different factual bases, Perez' claim is not exhausted. Nevertheless, the claim may also be considered to be procedurally barred even when the claim has not been reviewed by the state courts. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

Perez can overcome the exhaustion problem if he can demonstrate cause for his default. He claims that he was confused by the instructions on the form prescribed by the Texas courts and as a result did not describe his factual claims on the form, but included them in his lengthy Memorandum of Law. D.E. 33 at 11-12. The 11.07 form has instructions on the first page. Perez claims that instruction 5 on page 1 contradicts item 17 on page 5. Instruction 5 states, "Answer every item that applies to you on the form. You may use additional pages only if you need them for item 17, the facts supporting your ground for relief. Do not attach any additional pages for any other item 17." Writ of Habeas Corpus Application Art. 11.07, www.cca.courts.state.tx.us/Forms/Forms.asp. Instruction 17 states,

> Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*
>
> If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.
>
> You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will not consider grounds for relief in a memorandum

>of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

Id. (emphasis in original).

An examination of Perez' form indicates that he followed the instructions regarding the use of additional pages for additional grounds of his writ application, but he ignored the requirement that all factual bases for his grounds of relief be stated on the prescribed form. See D.E. 30-1 at 2-19.

"The existence of 'cause' for a procedural default 'must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Moore v. Quarterman, 533 F.3d 338, 341 (5th Cir. 2008) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Perez can make no such showing here. His claim of confusion is objectively unreasonable on this record. The Director's objection that Perez' Ground 3 is procedurally defaulted is SUSTAINED.

3. *Procedural default claim 4–ineffective assistance of trial counsel*

| State Ground 10 | Federal Ground 4 |
|---|---|
| Ineffective assistance of trial counsel<br>Instances of alleged ineffectiveness in the attached memorandum. | Ineffective assistance of trial counsel on the grounds that counsel<br>1) failed to obtain a list of relatives of the deceased to use in voir dire, 2) failed to ask the venire if they knew the deceased's sister, 3) allowed the State to impeach its own witness, 4) failed to investigate the State's evidence including a videotape used at trial, and 5) failed to preserve for appellate review the admission of defendant's video statement at trial. |

The trial court concluded that Perez' claim was procedurally barred on the ground that Perez failed to state specific facts on the habeas form. See D.E. 30-1 at 25, ¶ 6. Alternatively, the state

7

court found that the claim should be denied because Perez did not meet his burden of proof. Id. at ¶ 7. The Court of Criminal Appeals adopted the trial court's findings. D.E. 33-1 at 8. Perez' claim that his trial counsel was ineffective was procedurally defaulted. See Baldwin, 541 U.S. at 32. For the same reasons outlined in subsection III(B)(2), supra., the Director's objection to the M&R on Perez' Claim 4 is SUSTAINED.

    4. *Procedural default claim 7–prosecutorial misconduct*

The Director contends that this ground was not exhausted in state court. Perez' direct appeal raised five issues, none of which directly allege prosecutorial misconduct. D.E. 4-13 at 3-4 (listing issues on appeal). But a comparison of the claims in the table below demonstrates that the claims are very similar, although some of the facts identified in support of the federal ground were not raised in state court (factual grounds 1, 2, 3, 4, and 8).

| State Court Ground 7 | Federal Ground 7 |
| --- | --- |
| Legal Ground: "Your applicant's conviction was obtained as a result of prosecutorial misconduct and the prosecutor's misstatements of material fact, and misstatements of material evidence and the prosecutor's misstatement and misrepresentation of the law." D.E. 22 at 18. | Legal Ground: Perez' conviction was obtained as a result of extreme prosecutorial misconduct, the prosecutors misstatements of the law, misstatements of material facts, and misstatements of material evidence. D.E. 1 at 13. |

| | |
|---|---|
| Factual support:<br>1. a false and fabricated indictment,<br>2. a false, illegal murder charge, and<br>3. a false timeline.<br>4. Prosecutors suppressed and deleted portions of video statements,<br>5. intentionally made witnesses unavailable, and<br>6. vouched for the credibility of witnesses. Id. | Factual support:<br>1. Perez was arrested without filing a complaint affidavit, without an arrest warrant, and without probable cause.<br>2. Prosecutors presented the purported indictment in violation of the Texas Constitution and in violation of the Texas Code of Criminal procedure,<br>3. misdefined the lone element in dispute at trial, they instigated a non-existent murder charge,<br>4. instigated a reckless element requirement into a first degree murder charge during voir dire,<br>5. made the witness Eric Flores unavailable,<br>6. deleted portions of Flores' videotaped statement before they gave it to the defense,<br>7. deleted portions of Perez' video statement,<br>8. coerced trial witness Asberry,<br>9. for Asberry's credibility, and<br>10. drew a false timeline in front of the jury. D.E. 1 at 13-14. |

The state court found that the facts Perez alleged as a basis for his claim of prosecutorial misconduct "were known to him during trial and the time for filing his direct appeal." D.E. 30-1 at 23, ¶ 6. The state trial court concluded that the ground of relief ought to be denied "because [Perez] failed to allege on the habeas form specific facts demonstrating entitlement to relief on a claim of prosecutorial misconduct, the Applicant's allegations are conclusory." Id. at 26, ¶ 10. Alternatively, the trial court concluded that the claim was not cognizable on habeas. Id. at ¶ 11. The Court of Criminal Appeals adopted these findings and conclusions. D.E. 33-1 at 8.

The six factual bases for Perez' state claim of prosecutorial misconduct were considered to be procedurally defaulted by the Court of Criminal Appeals. The remaining claims Perez brings in federal court that were not part of his state court writ are not exhausted and are procedurally barred. The Director's objection is SUSTAINED.

5. *Procedural default claim 8*

Perez' claim 8 complains that prosecutors vouched for the credibility of witness Asberry. D.E. 1 at 14.

| State Writ 8 | Federal Writ 8 |
| --- | --- |
| Legal Claim: "Your Applicant's conviction followed from the prosecutors' vouching for the credibility of a witness." D.E. 30-1 at 14. | Legal Claim: "Your Applicant's conviction followed from the prosecutors' vouching for the credibility of a witness." D.E. 1 at 14. |
| Factual Support: "The prosecutors persistently vouched for the credibility of a certain witness throughout your Applicant's whole trial." Perez references his Memorandum of Law in which he identifies the vouched-for witness as Asberry. D.E. 22-1 at 30. | Factual Support: "The prosecutors continually vouched for the credibility of a witness named Benny Asberry....[prosecutors] kept vouching for Asberry saying, inter alia, 'He promised he was going to come back and kill him, and whether he pulled the trigger or not, he kept his promise." Id. |

The state trial court made a finding of fact that "the State did not improperly vouch for a witness . . ." D.E. 33-2 at Finding of Fact 7. The Court of Criminal Appeals adopted those findings. D.E. 33-1 at 8. This claim was exhausted, but the state court determined that it had no merit. The Director's objection that the claim is procedurally barred is OVERRULED.

**C.  Perez' Objection to the Recommendation as to the Indictment**

Perez' voluminous objections, which argue his case rather than succinctly state why he believes the M&R is incorrect, do not state a specific objection on this issue. The state court found the indictment to be valid on its face. D.E. 30-1 at 22, ¶ 1. Perez has not overcome the presumption

of correctness that applies to the state court's factual findings. 28 U.S.C. § 2254(e)(1). Perez' objection is OVERRULED.

### D.     Perez' Objection to the M&R Regarding the Jury Charge

Perez' objects to the M&R claiming that it is based upon "an extremely erroneous view of the law applicable to this case." D.E. 44 at 5. He complains that the M&R misstates the trial judge's statements and relies on sections 7.02(b) (conspiracy) and 19.03 (capital murder) of the Texas Penal Code, rather than 7.02(a)(2) (law of parties) and 19.02 (murder). Id. at 6. The state court findings of fact found no error in the submission of the definition of "knowing" or on the burden of proof. D.E. 30-1 at 22, ¶¶ 3, 4. Perez has not overcome the presumption of correctness of this finding. 28 U.S.C. § 2254(e)(1). Perez' objection is OVERRULED.

### E.     Perez' Objection to the M&R regarding Ineffective Assistance of Appellate Counsel

Perez' claim of ineffective assistance of appellate counsel is not properly before the court as it was procedurally defaulted. See subsection III(B)(2), supra. Perez' objection is OVERRULED.

### F.     Perez' Objection to the M&R on Burden of Proof

Perez does not clearly state an objection, but restates his argument asserting that the jury charge was erroneous. D.E. 44-1 at 13-19. The state court found no error in the jury submission on burden of proof (D.E. 30-1 at 22, ¶¶ 2, 3), and Perez has not overcome the presumption of correctness that attaches to that finding. 28 U.S.C. § 2254(e)(1). Perez' objection is OVERRULED.

### G.     Perez' Objections to the M&R on Claims 9 and 11

Perez contends that his Claims 9 and 11 are cognizable on habeas review, invoking Federal Rule of Civil Procedure 18 regarding joinder of claims. The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal

statues and rules. Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2011). The rules of exhaustion are unique to habeas practice and control over the rules of Federal Civil Procedure. Rule 18 has no application here.

Claim 9 asserts that the Thirteenth Court of Appeals denied Perez due process and equal protection by reviewing the sufficiency of the evidence on a non-existent murder charge. D.E. 4-5 at 129-133). The claims raised by Perez' state and federal writs are summarized in the table below.

| State Writ Ground 3 | Federal Writ Ground 9 |
| --- | --- |
| Legal Ground: "Your Applicant was denied due process on direct appeal, and his right to petition the government for a redress of grievances was violated." D.E. 22 at 14. | Legal Ground: Your petitioner was denied due process of law and the equal protection of the laws on direct appeal, and his right to petition the government for a redress of his grievances was violated." D.E. 1 at 15. |
| Factual basis:<br>Perez claimed, "the court of appeals ignored a statutory mandate by ruling on the sufficiency of evidence to sustain this illegal conviction." Id. Perez explained that Judge Watts told the litigants that if she was mistaken about the definitions of the elements of murder, the court of appeals would tell her. Perez then states, "The court of appeals did not tell her; they ignored the error that infected this whole case. They ignored an illegal charge. How can it be legal to rule on the sufficiency of evidence to sustain a conviction on a charge that cannot legally exist." Id. | Factual basis:<br>Perez states, "the Thirteenth Court of Appeals . . . failed to determine whether or not the jury was properly instructed with respect to the definition of the lone element in dispute at trial. They analyzed the sufficiency of evidence on a non-existent murder charge." Id. |

In his state writ proceeding, the trial court concluded that this ground for relief failed on the merits.[4] In this Court, however, because the factual basis of these claims differs, Perez has not

---

[4] "The Applicant's third ground of relief fails because the Applicant's first and second grounds for relief fail. The Thirteenth Court of Appeals could not have lacked jurisdiction over the Applicant's direct appeal due to the alleged error in the indictment (Applicant's Ground One) or the alleged jury-charge error (Applicant's Ground two), because as

exhausted this claim but it is nevertheless procedurally barred. Elizalde, 362 F.3d at 328; 28 U.S.C. § 2254(b)(1).

The issue of exhaustion as to Claim 11 is addressed supra. at subsection III(B)(1). Perez' objections to the M&R as to Grounds 9 and 11 are OVERRULED.

H.    **Perez' Objection to the M&R on Sufficiency of Evidence**

Perez procedurally exhausted this claim by raising it on direct appeal. In this Court, Perez persists in his contention that this Court should consider the evidence in the light most favorable to his position, rather than as required by Jackson v. Virginia, 443 U.S. 307 (1979). In part he claims that the jury was not instructed properly, but instead of citing to the jury charge, he continues to cite to the charge conference. As set out in the M&R, the jury was instructed in accordance with Texas law using the statutory definitions.

As to the sufficiency of evidence standard, the Jackson court stated that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319. Applying that standard, the evidence is sufficient. Perez' objection is OVERRULED.

I.    **Perez' Objection to the M&R that His Video Statement Was Inadmissible**

Perez objects that the M&R did not address whether his statement to police was properly admitted at trial. Perez did not raise this issue as a ground for relief in his § 2254 petition, rather he included an issue that his trial counsel was ineffective for failing to preserve the admission of the

---

described above, these claims of indictment and charge error lack merit." D.E. 30-1 at ¶ 5.

statement for appellate review, an entirely different issue. As discussed in subpart III(B)(3), supra., this claim was procedurally defaulted in state court. Perez' objection is OVERRULED.

**J.      Perez' Objection to the M&R that Appellate Counsel Was Ineffective**

This issue is addressed supra at subsection III(B)(2). This claim was considered to be procedurally barred in state court and may not be considered. Perez' objection is OVERRULED.

**K.      Perez' Objection to the M&R regarding Prosecutorial Misconduct**

Perez makes several objections related to prosecutorial misconduct, namely that: 1) the portion of his own statement that the prosecutor did not play for the jury exonerated him; 2) the M&R failed to address his allegations that portions of Flores' videotaped statement were deleted before the tape was given to defense counsel; 3) the judge and prosecutor coerced witness Asberry into testifying falsely; 4) the indictments are not true bills of indictment; 5) the prosecutors misrepresented the law; 6) Perez was not convicted of capital murder or of conspiracy; and 7) the prosecutor improperly vouched for Asberry.

Perez' claims of prosecutorial misconduct are not properly considered by this Court as they are either defaulted or procedurally barred. See subsection III(B)(4), supra.

The issues below are raised as part of Perez' grounds 6 and 7.

  1. *Portions of Flores' statement were allegedly excised before the statement was provided to the defense*

One of Perez' objections is that the M&R did not address the alleged redactions from Flores' statement before it was turned over to the defense. A review of the motion for summary judgment reveals that the issue was raised in a global fashion in the motion, and this Court was urged by Respondent Thaler to consider those claims in Ground 7 to be procedurally defaulted without

addressing the each specific component of the claim of prosecutorial misconduct. See D.E. 30 at 15-16.

Perez' state court writ application asserts as part of Ground Seven (prosecutorial misconduct), that prosecutors "suppressed and deleted portions of video statements that were exonerating to your Applicant . . . ." D.E. 30-1 at 13. The trial court's findings of fact state, "The alleged facts that form the basis of the Applicant's prosecutorial misconduct claim were known to the Applicant during trial and the time for filing his direct appeal." D.E. 30-1 at 23. The trial court's conclusions of law on this ground recommend that relief be denied "because [Perez] failed to allege on the habeas form specific facts demonstrating entitlement to relief on a claim of prosecutorial misconduct; the Applicant's allegations are conclusory." D.E. 30-1 at ¶ 10. Alternatively, the trial court concluded that the "seventh ground for relief is not cognizable on habeas review." Id. at ¶ 11. The Court of Criminal Appeals adopted the trial court's findings of fact. D.E. 33-1 at 8.

Texas law provides that prosecutorial misconduct should be raised on direct appeal if the factual basis for the claim was known to the defendant at that time. When such claims can be raised on direct appeal, they are not cognizable on habeas post-conviction review. Ex parte Webb, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008). The State court considered Perez' claim that Flores' statement was improperly redacted before it was given to Perez in discovery, to be procedurally defaulted. The general rule is that the federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground. Coleman v. Thompson, 501 U.S. 722, 729-32 (1991); Fisher v. Texas, 169 F.3d 295, 300 (5th Cir.1999). In this case, the state habeas court expressly stated that Perez' claim was procedurally barred because he did not raise it on direct appeal and alternatively, was defaulted because he did not state sufficient

factual basis to support the claim. A claim that is procedurally defaulted is not one that this Court may consider on the merits. Perez' objection is OVERRULED.

> 2. *Perez' objection to the M&R's resolution of his prosecutorial misconduct claim regarding    his own statement*

Perez' objection to the M&R explains, as cause for his procedural default, that he did not have any information about the redactions to the video exhibit of his own statement because he was in jail and counsel only showed it to him once before trial. Perez complains that his statement was redacted to delete a portion in which Perez wanted the victim's father to know that Perez did not shoot his son. Throughout Perez' statement that was played for the jury, Perez claims that he did not kill the victim. See D.E. 49. Even if the DVD was edited, there is no functional distinction between the portion that Perez claims was deleted and the tape that was played for the jury. Because the statements that he did not kill the victim were in the portion of the video played for the jury, Perez cannot show prejudice from his allegation that the video was edited, even if his showing of cause was sufficient. See Moore v. Quarterman, 533 F.3d 338, 341 (5th Cir. 2008) (requiring both cause and prejudice to overcome procedural default). "[T]o show 'prejudice' a defendant must demonstrate that errors 'worked to his actual and substantial disadvantage,' amounting to errors of constitutional dimensions. Id. Perez' objection is OVERRULED.

> 3) *The judge and prosecutor coerced witness Asberry into testifying falsely*

This issue was not exhausted because it was not raised in state court and is now procedurally barred from consideration by the state courts. See D.E. 30-1 at 2-19, compare with D.E. 1. Because Perez' claim is defaulted and procedurally barred, this Court may not consider it. Perez' objection is OVERRULED.

> 4. *The indictments are not true bills of indictment*

16

Perez' objection that the indictment is not a true bill is OVERRULED. See subsection III(C), supra.

> 5. *The prosecutors misrepresented the law, and the M&R erroneously cited to the capital murder and conspiracy statutes*

The issue of prosecutorial misconduct was procedurally defaulted in state court. See subsection III(B)(4), supra.

Perez persists in arguing his case rather than explaining his objection to this portion of the M&R. He contends that the M&R erroneously referenced the capital murder statute and the conspiracy statute rather than the murder and law of parties portion of the Texas Penal Code, which it does not. Perez' objection is OVERRULED.

> 6. *The prosecutor improperly vouched for Asberry*

Perez has properly exhausted this claim. See subsection III(B)(5). The state court found that the claim had no merit. D.E. 30-1 at 23, ¶ 7. There is a presumption that the state court's finding is correct, which Perez must overcome with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

 "A proper jury argument must fall within one of four general areas: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to the argument of opposing counsel, or (4) a plea for law enforcement." Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999). The state court found that the argument of which Perez complains fell within the reasonable deductions from the evidence. In federal court, "[t]he test for improper vouching is whether the prosecutor's expression might reasonably have led the jury to believe that the prosecutor possessed extrinsic evidence, not presented to the jury, that convinced the prosecutor of the defendant's guilt." United States v. Leslie, 759 F.2d 366, 378 (5th Cir. 1985). "A prosecutor, therefore, may not make explicit personal assurances of a witness's veracity." Id.

Although Perez complains of vouching, his claim is that the prosecutors emphasized Asberry's testimony at closing and suggested "he did not have a dog in the fight." Perez has not overcome the presumption of correctness that attends the state court's finding of fact. Perez' objection is OVERRULED.

### L.      Objections to the M&R Regarding Claims of Ineffective Assistance of Trial Counsel

Because of the resolution of the Director's objection that this claim is procedurally defaulted, the Court does not address Perez' objections on this issue. See subsection III(B)(3), supra.

### M.      Perez' Objection to the M&R on Double Jeopardy Grounds

The state habeas court considered this ground and concluded that it was moot. D.E. 30-1 at 27, ¶ 15. Perez has not demonstrated that the state court's conclusion "was contrary to or involved an unreasonable application of federal law . . ." 28 U.S.C. § 2254(d)(1). Perez' objection is OVERRULED.

### N.      Additional Objections

Perez has filed additional documents supplementing his original objections. See D.E. 45, 46 (correcting D.E. 45), and 47. The vast majority of these additional objections were covered by his original 99-page filing. D.E. 44. In his subsequent filing (D.E. 45), Perez objects to jury charge error during trial. This objection was raised in his original objections (Dkt. No. 44) and was overruled. See subsection III(D) supra.

Perez also filed an additional objection to the M&R complaining of citation to the Texas Code of criminal procedure subsection 7.02(b), the conspiracy section. This objection was overruled in subsection III (D), supra.

### IV.  CONCLUSION

18

Reviewing *de novo* the objections to the Magistrate Judge's Memorandum and Recommendation, the pleadings on file, the Court accepts the Magistrate Judge's recommended decision, except as corrected herein. The Court GRANTS summary judgment in favor of the Respondent Rick Thaler and DENIES the habeas petition.

It is so **ORDERED.**

**SIGNED** on this 30th day of September, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE