**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| STEVEN PEREZ | § | |
|     TDCJ-CID #1514617 | § | |
| | § | |
| V. | § | C.A. NO. C-10-297 |
| | § | |
| RICK THALER. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
RECONSIDERATION, DENYING REQUEST FOR HEARING AND
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Steven Perez' Motion to Reconsider with brief in support, which was received by the Clerk on October 24, 2011. D.E. 60. Also pending is Perez' motion for hearing. D.E. 62. The motions are DENIED.

### I. FACTUAL BACKGROUND

Petitioner Steven Perez is currently incarcerated in the Texas Department of Criminal Justice resulting from his 2008 convictions in separate proceedings for murder and for felon in possession of a firearm.[1] Perez sought relief from his state court murder conviction by filing a motion pursuant to 28 U.S.C. § 2254. This Court denied relief by Order dated September 30, 2011, and final judgment of the same date. D.E. 58, 59. The factual and procedural background will not be repeated as it is described in detail in the M&R and this Court's previous Order. D.E. 39, 58.

---

[1] Perez was previously convicted of drug trafficking in federal court in 2003. At the time of his convictions in state court, Perez was still on federal supervised release. His supervised release has since been revoked.

## II.  MOVANT'S MOTION TO RECONSIDER

Perez requests that the Court reconsider its Memorandum Opinion and Order on the following grounds,[2] 1) the state court indictment was not a true bill and if it was, it was obtained by prosecutorial misconduct, 2) the state court findings of fact implied there was error in the jury charge definition of "knowingly," but that court did not perform a proper harm analysis, 3) "the state court abused their discretion if they found no error in the submission of an erroneous definition of 'knowingly'" and by finding that any error was harmless, 4) the state courts violated Perez' federal due process rights by expanding the law of parties to include a mental element and conduct that is not criminal, 5) The M&R erroneously referenced the capital murder and conspiracy statutes, 6) whether the burden of proof at Perez' trial was shifted to him is a mixed question of federal law and fact, 7) Perez' Ground Three should not be procedurally defaulted because the Texas Court of Criminal Appeals denied the claim on the merits, 8) Perez' Ground Four should not be considered procedurally defaulted, 9) Perez' Ground Eleven should not be considered procedurally defaulted because it raises the question of who has jurisdiction to hold him, 10) Perez' Ground Nine should not be considered procedurally barred because the factual basis here is the same as that brought in state court, 11) under a correct murder charge, the evidence is legally insufficient, 12) Perez was denied counsel at a critical stage in the proceedings, 13) Perez' statement was inadmissible, 14) Perez' claim of prosecutorial misconduct should not be considered procedurally defaulted or unexhausted, 15) the prosecutors improperly vouched for witness Asberry, 16) Perez reurges his double jeopardy objections, and 17) the Court overlooked his claim that one of the judges on the

---

[2]  Perez' grounds are numbered differently in his motion. Where appropriate, the Court has separated subsidiary claims to address them independently.

13th Court of Appeals is related to the victim or his family. Finally, Perez claims he is entitled to an evidentiary hearing, or alternatively he is entitled to a certificate of appealability. D.E. 60

### III.  ANALYSIS

**A.      Federal Rule of Civil Procedure 59(e)**

Perez' motion for reconsideration is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e). The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2011). A Rule 59(e) motion must be filed within 28 days from Judgment. Fed. R. Civ. P. 59(e). Perez' motion filed on October 20, 2011, is timely.

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law, 2) new evidence not previously available, 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990)).

In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); Williams v. Thaler, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive).

It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. Gonzalez, 524 U.S. at 532. Any other claim must be considered second or successive. Id. The Court will examine each claim in Perez' motion to reconsider to determine if the claim is barred as second or successive pursuant to Gonzalez. Any claims that are not second or successive will then be considered as required by the AEDPA and Rule 59(e).

B.  **Claims That this Court Improperly Adjudicated Perez' Claims And Claims Previously Asserted Are Second or Successive and Must Be Dismissed**

The majority of the claims in Perez' motion for reconsideration complain either that this Court improperly decided his case or reurge claims already decided. Claims already presented or that challenge the Court's resolution of those claims constitute second or successive claims which must be dismissed. See Gonzalez, 524 U.S. at 532. The following claims fit into that category:

| Motion for Reconsideration | Previously Asserted § 2254 | Previously Decided |
|---|---|---|
| 1) The state court indictment was not a true bill and if it was, it was obtained by prosecutorial misconduct. | D.E. 1, Grounds 1 and 7. | D.E. 58 at 9-10. |
| 2) The state court findings of fact implied there was error in the jury charge definition of "knowingly," but that court did not perform a proper harm analysis. | | D.E. 58 at 11. |

4

| | | |
|---|---|---|
| 3) The state court abused its discretion if they found no error in the submission of the definition of "knowing" and by finding that any error was harmless. | D.E. 1 at 15. | D.E. 58 at 12-13. |
| 4) The state courts violated Perez' federal due process rights by expanding the law of parties to include a mental element and conduct that is not criminal. | D.E. 1 at 15. | D.E. 58 at 12-13. |
| 5) The M&R erroneously referenced the capital murder and conspiracy statutes. | | D.E. 58 at 11. |
| 6) Whether the burden of proof at Perez' trial was shifted to him is a mixed question of federal law and fact. | D.E. 1 at 7 ("The Law under which the prosecution is brought is unconstitutional in that it improperly places the burden of proof on the defendant."). | D.E. 58 at 9-11. |
| 7) Perez' Ground Three should not be procedurally defaulted because the Texas Court of Criminal Appeals denied the claim on the merits. | D.E. 1 at 10 (denied due process on direct appeal). | D.E. 58 at 4-5, 12-13. |
| 8) Perez' Ground Four should not be considered procedurally defaulted. | D.E. 1 at 8 (IAC trial counsel). | D.E. 58 at 7-8. |
| 9) Perez' Ground Eleven should not be considered procedurally defaulted because it raises the question of who has jurisdiction to hold him. | D.E. 1 at 10 (state and federal courts have bootstrapped the 117th District Court to have jurisdiction over Petitioner's federal case No. 2:02-cr-278)). | D.E. 58 at 3-4. |

| | | |
|---|---|---|
| 10) Perez' Ground Nine should not be considered procedurally barred because the factual basis here is the same as that brought in state court. | D.E. 1 at 10 (Petitioner denied due process of law and equal protection on direct appeal and his right to petition for a redress of grievances was violated). | D.E. 58 at 12-13. |
| 11) Under a correct murder charge, the evidence is legally insufficient. | D.E. 1 at 16. | D.E. 58 at 13. |
| 12) Perez was denied counsel at a critical stage in the proceedings. | D.E. 1 at 13 (failure to appoint counsel for state pretrial habeas motion brought by retained counsel). | D.E. 39 at 44; D.E. 58 at 1 (adopting M&R except as noted). |
| 13) Perez' statement was inadmissible. | D.E. 1 at 8 (part of claim of ineffective assistance of trial counsel). | D.E. 58 at 7-8, 13-14. |
| 14) Perez' claim of prosecutorial misconduct should not be considered procedurally defaulted or unexhausted. | D.E. 1 at 13-14. | D.E. 58 at 8-10, 14-18. |
| 15) The prosecutors improperly vouched for witness Asberry. | D.E. 1 at 14. | D.E. 58 at 10, 17-18. |
| 16) Perez reurges his double jeopardy objections. | D.E. 1 at 16. | D.E. 58 at 18. |

Where a claim is second or successive, the movant is required to seek and acquire the approval of the Fifth Circuit before filing a second § 2254 motion before this Court. See 28 U.S.C. § 2244 (b)(3)(A); Hernandez v. Thaler, 630 F.3d 420 (5th Cir. 2011) (when a "filing is construed as a second or successive habeas petition, then it must be dismissed); Leal Garcia v. Quaterman, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal

6

district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition."). Perez' motion does not indicate that he has sought or obtained such permission. Accordingly, this Court may not consider these claims. Perez' claims 1-16 are dismissed as second or successive.

**C.      Claim that Victim Was Related to State Appellate Judge**

Perez' motion for reconsideration claims that this Court overlooked his claim that a justice on the Thirteenth Court of Appeals is related to the murder victim or his family, even though he raised the issue in his objections to the M&R. D.E. 44-1 at 23. This issue is a complaint as to the integrity of the procedure addressing his motion and is not barred by the prohibition of second or successive complaints. Gonzalez, 524 U.S. at 532.

The Court may not address this claim unless Perez both raised it in his § 2254 filings and exhausted his remedies in state court. Perez did not raise this issue in his filings pursuant to 28 U.S.C. § 2254 as a ground of complaint or a factual basis in any of those filings. See D.E. 1, 34-2, 35-1, 37, 38. In addition to his multiple § 2254 filings, Perez also filed a voluminous Memorandum of Law in Support of Request for Evidentiary Hearing (more than 150 pages long). See D.E. 4, 4-1, 4-2, 4-3, 4-4, 4-5. Within that Memorandum, as part of Ground Nine,[3] Perez claims that Justice Rodriguez of the Thirteenth Court of Appeals is somehow related to the victim Riko Rodriguez or his family. D.E. 4-5 at 9. He provides no evidence in support of that claim. Without deciding whether the claim is properly raised in these proceedings, this Court will determine whether Perez has exhausted this claim in state court.

---

[3] Ground Nine reads, "Your Petitioner was denied due process of law and the equal protection of the laws on direct appeal because the Thirteenth Court of Appeals analyzed the sufficiency of the evidence on a nonexistent murder charge."

Perez' state court habeas filing pursuant to § 11.07 of the Texas Code of Criminal Procedure does not include this issue as a ground of complaint or as a factual basis for any of his grounds. D.E. 22 at pp. 6-23. The state court record does not reveal that a motion to recuse Justice Rodriguez was ever filed. See D.E. 4-14 at 4-28. Perez did not raise the issue in his motion for rehearing of his direct appeal. D.E. 22-7, 22-8. In short, Perez did not raise this issue in state court.

A habeas petitioner procedurally defaults a claims when,

> (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, or
> (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred.

Baez-Arroyo v. Dretke, 362 F. Supp. 2d 859, 869 (W.D. Tex. 2005), aff'd, 222 Fed. Appx. 425 (5th Cir., Mar. 15, 2007) (per curiam)(designated unpublished) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Because Perez' claim that Justice Rodriguez was related to the victim Rico Rodriguez or his family was not raised in his state court habeas proceeding or in the state appellate court, the claim is not exhausted, is procedurally defaulted, and may be denied by this Court. 28 U.S.C. §§ 2254(b)(1)(A), (b)(2). Perez' motion for reconsideration on this ground is DENIED.

**D.**     **Request for Hearing**

As Perez acknowledges, no evidentiary hearing is appropriate. D.E. 62 at ¶ 2. The legal issues do not require oral hearing. Perez' request for hearing is denied.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate

of appealability in all but very narrow circumstances. <u>Ochoa Canales v. Quarterman</u>, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); <u>Williams v. Quarterman</u>, 293 Fed. Appx. 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion."). Although Perez has not yet filed a notice of appeal, the § 2254 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2254 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

The Court finds that Perez cannot establish at least one of the <u>Slack</u> criteria. Accordingly, Perez is not entitled to a COA as to his claims.

### V. CONCLUSION

The Court DISMISSES Perez' claims 1-16 on the grounds that they qualify as second or successive claims and this Court does not have the authority to adjudicate them. The Court DENIES

the motion for reconsideration as to the remaining claim (D.E. 60), DENIES his motion for hearing (D.E. 62), and also DENIES Perez a certificate of appealability.

It is so **ORDERED.**

**SIGNED** on this 16th day of May, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE