IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STEVEN PEREZ § | |
|     TDCJ-CID #1514617 § | |
| § | |
| V. § | C.A. NO. C-10-297 |
| § | |
| RICK THALER. § | |

## MEMORANDUM OPINION AND ORDER

Steven Perez (Perez) filed a motion for relief from judgment in April 2014 pursuant to Rule 60(b) and a memorandum in support seeking relief from this Court's judgment of September 30, 2011. D.E. 81, 82. Since that time, he has filed motions to supplement his motion for relief from judgment (D.E. 84, 85, 88, 89), as well as a motion to file documentary evidence (D.E. 86). Perez has additionally filed motions to amend his writ of habeas corpus. D.E. 87, 90.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Perez was convicted of the 2006 murder of Riko Rodriguez after a jury trial in Nueces County, Texas in 2008. He was sentenced to 60 years imprisonment.[1]

Perez appealed. His conviction and sentence were affirmed by the Thirteenth Court of Appeals in 2009. *Perez v. State*, No. 13-08-296-CR, 2009 WL 1607811 (Tex. App. Feb. 26, 2009) (unpublished). After his motion for rehearing was denied, Perez filed a petition for discretionary review with the Texas Court of Criminal Appeals. The court denied his petition for discretionary review. *Perez v. State*, PD-0410-09 (Tex. Crim. App. Oct. 28, 2009). Perez' petition for writ of certiorari was denied on January 19, 2010. *Perez v. Texas*, 558 U.S. 1153 (2010).

---

[1] At the time of the 2006 murder, Perez was on supervised release for a 2004 drug trafficking conviction in Cause No. C-03-278 (S.D. Tex.). After his state court conviction, Perez' federal supervised release was revoked, and he was sentenced to an additional 24 months imprisonment to be served consecutively to his state sentence.

Perez next filed his state petition for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. D.E. 22, p. 3. The State responded. The trial court adopted the State's proposed findings of facts and conclusions of law. D.E. 22-1, pp. 85-92. The Texas Court of Criminal Appeals denied Perez' application without written order based upon the trial court's findings. *Ex parte Perez*, No. 74,330-01 (Tex. Crim. App. 2010).

Perez filed his federal application for writ of habeas corpus in September 2010. D.E. 1. Respondent moved for summary judgment, which the federal Magistrate Judge recommended be granted. D.E. 39 (Memorandum & Recommendation (M&R)). Both Respondent and Perez filed objections to the M&R. D.E. 43, 44, 45, 46, 47, and 48. Perez sought to amend and supplement his application for writ. His motions were denied. D.E. 49, 50, 52, 53, 54, 55.

The Court ruled on the objections and granted Respondent's motion for summary judgment by Memorandum Opinion and Order dated September 30, 2011 and final judgment of the same date. D.E. 58, 59.

Perez filed multiple post-judgment motions. D.E. 61, 62, 63. This Court's Memorandum Opinion and Order found many of the issues Perez raised by post-judgment motion were second or successive claims that were not properly before the Court. D.E. 64. Perez appealed to the Fifth Circuit Court of Appeals. D.E. 65. The Fifth Circuit denied Perez a Certificate of Appealability in 2012. Perez' petition for writ of certiorari was denied on March 18, 2013. D.E. 80.

In April 2014, Perez filed his Rule 60(b) motion for relief from the Court's orders and final judgment.

2

## II.  PETITIONER'S CLAIMS

Perez seeks relief from the judgment denying his application for habeas relief on multiple grounds listed below pursuant to Rule 60(b)(5) and (b)(6):

1. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), may provide cause for Perez' unexhausted and procedurally defaulted federal grounds Three, Four, and Nine;

2. Texas Rule of Appellate Procedure 73.1 is not an independent and adequate state procedural rule because it is not strictly and regularly enforced;

3. Perez returned to state court to exhaust claims that Respondent claimed were unexhausted, but in that subsequent proceeding, the State confirmed that those grounds were addressed on the merits, thus putting this Court's finding in doubt;

4. There was a procedural irregularity in the preparation of the state habeas record, the omission of attachment pages from the state writ application;

5. Texas changed its habeas form pursuant to Art. 11.07 to eliminate instructions that Perez claimed were confusing and caused his procedural default, and

6. Failure to grant relief would cause a fundamental miscarriage of justice.

Perez filed motions to amend his motion for relief from judgment that include additional argument and citation to authority on his current claims. D.E. 84, 85, 89.  The motions to amend are granted.

Perez also seeks leave to file additional evidence (D.E. 85, 86), namely the affidavits of two state prisoners whose state writs were dismissed without prejudice and who were permitted to refile them. D.E. 85-1, p. 4, 86, pp. 3-5. The motions to file documentary evidence are granted.

## III.  ANALYSIS

**A.    Rule 60 of the Federal Rules of Civil Procedure**

The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statutes and rules." Rule 12, RULES

3

GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2014). To the extent that a particular Rule 60(b) motion is inconsistent with the AEDPA limitations on second or successive petitions, the statute and rules governing § 2254 motions control. *See Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005).

> Perez claims relief pursuant to Rule 60(b)(5) and (b)(6), which provides:
>
> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . .
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Motions pursuant to subsections (5) and (6) do not include a specific time limitation, but instead are required to be brought within a reasonable time. FED. R. CIV. P. 60(c)(1).

A defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. *Gonzalez*, 545 U.S. at 532. It is only when a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Id.* A Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id.* at 531; *see also United States v. Hill*, 202 Fed. App'x. 712, 713 (5th Cir. Oct. 13, 2006) (per curiam) (designated unpublished); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999).

Only one of Perez' listed claims alleges a procedural defect in the original claim, his claim that the record omitted some of the attachment pages to his state writ. Perez provided a copy of the allegedly omitted pages (Appendix 2 and 3, D.E. 82-2, pp. 2-3, 82-3, pp. 2-5); however, the

documents reflect they were previously filed in this case in support of Petitioner's motion to reconsider (D.E. 60-1, pp. 11-16) that was denied by this Court's Memorandum Opinion and Order of May 16, 2012. D.E. 64. Perez' claim of procedural defect in the preparation of the state habeas record constitutes a second or successive claim because it has already been raised in these proceedings. *See* 18 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

Perez further seeks relief from his procedural default of state habeas grounds based upon changes in decisional law by *Trevino v. Thaler*. The *Trevino* Court held that ineffective assistance of counsel during presentation of a state writ in Texas may constitute cause to excuse a procedural defect in a federal habeas proceeding. *Trevino*, 133 S.Ct. at 1921. However, Rule 60(b)(5) does not authorize relief from a judgment on the ground that the law applied by the court has been subsequently overruled or declared erroneous in another unrelated proceeding. *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990).

Perez also claims that Rule 60(b)(6) provides relief. Relief pursuant to Rule 60(b)(6) is only appropriate in an "extraordinary situation." *Klapprott v. United States*, 335 U.S. 601, 613 (1949). "A change in decisional law after judgment does not constitute exceptional circumstances and is not alone grounds for relief from judgment." *Bailey*, 894 F.2d at 160; *see also Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011) (denying relief in § 2254 pursuant to Rule 60(b)(6) on claim of change in decisional law). Since a change in decisional law does not constitute "extraordinary circumstances," a change in the instructions to complete a state habeas application will not qualify


as an exceptional circumstance to excuse Perez' procedural default from years before.[2] Perez' reliance on Rule 60(b)(5) and (b)(6) for relief on this issue is erroneous.

Perez' remaining claims were addressed by this Court's previous Memorandum Opinion and Order dated September 30, 2011 and final judgment of the same date. D.E. 58, pp. 3-7.[3] For that reason, these claims are second or successive.

Perez' application for a subpoena duces tecum and motion for an evidentiary hearing on his motion for relief from judgment (D.E. 83) is denied because the motion for relief from judgment is denied as second or successive.

**B.      Second or Successive § 2254 Motion**

Perez' claims seek a more favorable judgment and either were or should have been brought at the time he filed his original § 2254 petition. As a result, they are second or successive and this Court has no jurisdiction to consider them. In pertinent part, 28 U.S.C. § 2244 provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States *if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.*
>
> (b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

---

[2]  Perez claims that the changes in the Art. 11.07 form in January 2014 would have prevented his alleged confusion. As a result, he claims his state habeas claims would have all been addressed on their merits, rather than being procedurally defaulted as to Grounds Four through Ten. D.E. 22-1, p. 88 (Finding of Fact 6, which is stated in the alternative).

[3]  Perez' claim regarding Texas Rule of Appellate Procedure 73.1 was addressed on pages 4-7 of this Court's Memorandum Opinion and Order. Perez' failure-to-exhaust claim is addressed on pages 3-4. Although Perez states he returned to state court to exhaust this issue, the state trial court dismissed his subsequent application pursuant to article 11.07 as an abuse of the writ. *See* D.E. 82-1, pp. 2-3 (Certified Copy of Findings of Fact, Conclusions of Law, & Recommendation).

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

28 U.S.C. § 2244 (emphasis added).

Perez' motion does not indicate that he has sought or obtained permission to file a second or successive motion as required by § 2244(b)(3)(A). Accordingly, Perez' motion for relief from judgment (D.E. 81) is DENIED pursuant to § 2244(b)(1) as second or successive.

## C.  Perez' Motions for Leave to Amend his Application for Writ of Habeas Corpus

After filing his Rule 60(b) motion and memorandum in support, Perez filed motions for leave to file an amended application for writ of habeas corpus (D.E. 87) and for leave to file a second amended application for writ of habeas corpus (D.E. 90). Perez' amended application (D.E. 87-1) and second amended application (D.E. 90-1) repeat Perez' previous claims from his original application for writ of habeas corpus. Both motions for leave are therefore DENIED on the grounds they are second or successive. 28 U.S.C. § 2244(b)(1).

## IV.  SANCTIONS WARNING

Since 2011, Perez has persisted in filing legally frivolous motions and other documents. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mayberry v. Stephens*, 2014 WL 3724965, at *1 (5th Cir. Jul. 29, 2014) (per curiam) (designated unpublished) (warning prisoner of sanctions for further frivolous motions); *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See United States v. Perkins*, 424 Fed. App'x 328, 329 (5th Cir. May 4, 2011) (per curiam) (designated unpublished).[4]

**Perez is hereby warned that further efforts to challenge his imprisonment or conviction in this cause that do not comply with the requirements for relief pursuant to 28 U.S.C. §§ 2244 and 2254 will be sanctioned.**

---

[4] In *Perkins*, the Fifth Circuit explained:

> This court warned Perkins that further attempts to challenge his conviction that did not meet the criteria for filing a successive § 2255 motion would be sanctioned. *Perkins v. United States*, No. 99–41421, 2000 WL 959916 (June 13, 2000). Although Perkins filed this challenge nominally under § 1651(a) and not as a request to file a successive § 2255 motion, in his COA motion, he makes an argument trying to show that he meets the criteria to file a successive § 2255 motion. Also, in its order denying Perkins relief in this case, the district court noted that Perkins had filed at least three successive § 2255 motions and multiple other post-conviction motions and warned him that frivolous filings might result in the imposition of sanctions, including monetary sanctions.
>
> IT IS ORDERED that Perkins is SANCTIONED in the amount of $455.

*Id*.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 60 motion requires a certificate of appealability (COA) in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("A COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Perez has not yet filed a notice of appeal, the § 2254 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2254 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 429, 484 (2000).

The Court finds that Perez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, Perez' motions to file supplements to his motion for relief from judgment (D.E. 84, 85, and 88) and his motions to file documentary evidence (D.E. 85, 86) are **GRANTED**. Perez' motion for a subpoena duces tecum (D.E. 83) and his motions to file amended writs of habeas corpus (D.E. 87, 90) are **DENIED**. Perez' motion for relief from judgment (D.E. 81) is **DENIED** as second or successive pursuant to 28 U.S.C. § 2244(b). Perez is also **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 30th day of September, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE